MERIT SYSTEM — EXECUTIVE ORDER Once an agency is placed under the Merit System by an Executive Order pursuant to 74 O.S. 802 [74-802] (1971), it may not be removed by Executive Order. Said Executive Order covers functions, positions and employees in an agency at the time of the order, and functions, positions and employees added to the agency subsequent to the order. A position under the Merit System may not be removed from the Merit System by an Executive Order issued pursuant to Section 802. When an Executive Order is issued exempting from the Merit System new functions or positions of an agency already under the Merit System, such Executive Order is contrary to Section 74 O.S. 802 [74-802] and unlawful. If a person was hired as exempt pursuant to said Executive Order which was later declared improper and without effect, then said position must be promptly filled under Merit System Rules. The Personnel Board has no jurisdiction to determine whether employees in positions exempted from the Merit System are actually performing the duties which can be reasonably assumed under the title of the exemption. It is the responsibility of each individual agency to hire, fix the duties and oversee persons filling any exempt positions. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. Once an agency is placed under the Merit System by Executive Order, may it be removed by Executive Order? 2. Does an Executive Order cover only those functions, positions, and employees present within an agency at the time of the order, or does the order also include all functions, positions and employees which may be added to the agency subsequent to an order? 3. Once a position is under the Merit System, may it be removed by Executive Order? 4. When an Executive Order is issued exempting from the Merit System new functions or positions of an agency already under the Merit System, what is the legal employment status of a person who was hired as exempt pursuant to said Executive Order when the Order is later declared improper and without effect? 5. What is the jurisdiction of the Merit System Office in determining whether or not employees in exempt positions are actually per forming the duties which can be reasonably assumed under the title of the exemption? Title 74 O.S. 802 [74-802] (1971), provides in pertinent part: "Placing of agencies and departments under system . . . The Governor of the State of Oklahoma, upon determining that the merit system of personnel administration with the rules and regulations adopted thereunder should be required, is hereby empowered and authorized, at his discretion, by an Executive Order, to place any agency or department of the State Government, and the employees thereof, with exempt positions as stipulated by said order, under the merit system of personnel administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. This Section shall not authorize by Executive Order the removal of any agency or department of State government placed under the merit system of personnel administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. "Notwithstanding any provisions to the contrary, this Act shall not be extended to any department or agency or employee, except in the manner and as provided in this Section." Your first question is answered by the third sentence of Section 74 O.S. 802 [74-802] which plainly provides that an agency under the Merit System may not be removed from the Merit System by an Executive Order. As regards your second question, the language of Section 802 authorizes the Governor "to place any department or agency of the State Government" under the Merit System by an Executive Order. No provision is made for additions to the agency subsequent to the Executive Order. However, it is reasonable to assume the legislature realized that additional personnel and functions may be added to an agency or department after it came under the Merit System. The silence of the statute indicates that an agency or department's additional personnel or functions would automatically be under the Merit System. To require a separate executive order for each additional position or employee would be cumbersome and unnecessary. It is a well-settled rule of statutory construction that a statute with a possible ambiguity must be interpreted in the most reasonable way, not in a way that would lead to unreasonable or absurd consequences, Brown v. State Election Board, Okl., 170 P.2d 200 (1946). Your third question may be answered by a plain reading of Section 802, which gives no authority to a Governor to remove a position from the Merit System by an Executive Order. Regarding your fourth question, pursuant to Section 802 an Executive Order cannot be lawfully issued to exempt from the Merit System new functions or positions of an agency already under the Merit System. If such an Executive Order is issued, it is unlawful and contrary to Section 802. An Executive Order cannot take effect when it purports to accomplish something that is directly contrary to an existing statute. The Executive Order is void and without effect. If a person was hired as exempt pursuant to an Executive Order which was later declared improper and without effect, then said position must be promptly filled under Merit System rules. Your fifth question inquires about Personnel Board jurisdiction over employees in positions exempted from the Merit System. By definition, the Personnel Board has jurisdiction only over employees under the Merit System. It is the responsibility of each individual agency to hire, fix the duties, and oversee persons filling any exempt positions. Employees exempted from the Merit System are in the unclassified service and not under the Merit System. Title 74 O.S. 803 [74-803] (1971), provides in pertinent part: "Offices and positions in the unclassified service are in no way subject to any of the provisions of this Act or of the rules and regulations promulgated hereunder by the State Personnel Board." It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Once an agency is placed under the Merit System by an Executive Order pursuant to 74 O.S. 802 [74-802] (1971), it may not be removed by Executive Order. Said Executive Order covers functions, positions and employees in an agency at the time of the order, and functions, positions and employees added to the agency subsequent to the order. A position under the Merit System may not be removed from the Merit System by an Executive Order issued pursuant to Section 802. When an Executive Order is issued exempting from the Merit System new functions or positions of an agency already under the Merit System, such Executive Order is contrary to Section 74 O.S. 802 [74-802] and unlawful. If a person was hired as exempt pursuant to said Executive Order which was later declared improper and without effect, then said position must be promptly filled under Merit System Rules. The Personnel Board has no jurisdiction to determine whether employees in positions exempted from the Merit System are actually performing the duties which can be reasonably assumed under the title of the exemption. It is the responsibility of each individual agency to hire, fix the duties and oversee persons filling any exempt positions. (Daniel J. Gamino) ** SEE: OPINION NO. 78-230 (1978) ** ** SEE: OPINION NO. 79-104 (1979) **